IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:04CV120-1-V
5:02CR33-1-V

| TERRY DARRELL LEFEVERS, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before this Court upon Respondent's Motion for Summary Judgment, filed July 28, 2005.

## PROCEDURAL HISTORY

On August 5, 2002, Petitioner was indicted for conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, 100 kilograms or more of marijuana, and 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841, 846. On February 19, 2003, the parties filed a written plea agreement in which Petitioner agreed to plead guilty. Among other things, the Government agreed to recommend to the Court that the amount of cocaine that was known to or reasonably foreseeable by Petitioner was at least 500 grams but less than 2 kilograms of cocaine. On March 3, 2003, this Court conducted a Rule 11 hearing and accepted Petitioner's guilty plea. On August 18, 2003, this Court sentenced Petitioner to 60 months imprisonment followed by two years of supervised release. Judgment was entered on September 5,

2003. Petitioner did not directly appeal his sentence or conviction.

On September 3, 2004, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence. In his Motion to Vacate, Petitioner alleges that he received ineffective assistance of counsel because his counsel, due a personal relationship with a local district attorney, improperly advised Petitioner not to provide federal law enforcement authorities with any information that would incriminate the district attorney. Petitioner contends that as a result of this bad advice he failed to receive a § 5K1.1 motion.

## **ANALYSIS**

Petitioner has alleged that he received ineffective assistance of counsel because his defense counsel operated under a conflict of interest. In order to obtain relief based on such a claim, a petitioner must establish that an actual conflict existed and that the conflict adversely affected counsel's performance. See Cuyler v. Sullivan, 446 U.S. 335, 350 (1980). A petitioner who shows that a conflict of interest actually affected the adequacy of the attorney's representation need not demonstrate prejudice. Id.

In the instant case it is uncontested that Petitioner's defense counsel was close friends with District Attorney David Flaherty. (Pearce Aff. ¶ 7). It is also uncontested that Petitioner and his defense counsel discussed the fact that Petitioner had information concerning Mr. Flaherty and his alleged cocaine habit. (Mot. to Vac. at p. 4; Pearce Aff. ¶ 5). It is at this point, however, that the parties' agreement ends. Petitioner asserts that when he told his defense counsel that he had information concerning Mr. Flaherty, his counsel advised him not to provide any information to

2

authorities that would incriminate the district attorney. (Mot. to Vac. at p. 4). In contrast, Petitioner's counsel has filed an affidavit asserting that he advised Petitioner that law enforcement would be interested in any information Petitioner had with regard to the district attorney. (Pearce Aff. ¶ 5). A material issue of fact is thus in dispute and an evidentiary hearing is warranted.

If this Court should determine that Petitioner's criminal defense counsel's version of the events is more credible, this Court would hold that, at a minimum, any conflict had not had an adverse affect on counsel's representation of Petitioner and Petitioner's Motion to Vacate would be dismissed.

If this Court credits Petitioner's version of the events at most a resentencing would be warranted.[1] At a resentencing this Court would be unable, absent a Government motion pursuant to 18 U.S.C. § 3553(e), to impose a sentence on Petitioner below the statutory minimum of 60 months.[2] Sixty months is the sentence Petitioner is currently serving. It may be that the Court, therefore, could not offer Petitioner any relief.[3] However, it is not possible for the Court to conclude, at this stage

---

[1] The Court notes that nowhere does Petitioner argue that he was not guilty of the crime of which he was convicted. Nor does Petitioner argue anywhere that in the absence of the constitutional error he would have proceeded to trial. Indeed, based upon Petitioner's indictment he faced a statutory minimum sentence of ten years. 21 U.S.C. § 841(b)(1)(A).

[2] Petitioner's counsel admits in the remedy brief requested by this Court that he is unaware of any authority that would permit this Court, absent a Government motion, to sentence Petitioner to a term of imprisonment below the statutory minimum.

[3] The Court notes that the finding of an actual conflict of interest does not mandate that a Petitioner's sentence be changed. Indeed, in the present case the Court notes that the Government has argued without contradiction that Petitioner refused to provide law enforcement with information regarding Petitioner's own brother. The withholding of information from law enforcement is frequently a factor in the Government decision not to move for a downward

3

of the proceedings, that the Government would not have moved for a downward departure under § 3553(e) under any circumstances related to information about Mr. Flaherty.

**THEREFORE, IT IS HEREBY ORDERED** that an evidentiary hearing will be held in this matter on October 23, 2007, in Statesville, North Carolina at 10:00 a.m.

Signed: September 11, 2007

Richard L. Voorhees
United States District Judge

---

departure. Petitioner's plea agreement contains the standard provision placing the determination of whether assistance is substantial solely with the Government. (Plea Agr. ¶ 20).